Mackenzie R. Morrison
Wyoming State Bar No. 8-6516
Assistant United States Attorney
District of Wyoming
P.O. Box 22211
Casper, WY 82602
(307) 261-5434
mackenzie.morrison@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>**v.**<br><br>**MICHAEL COLLINS GUENZEL,**<br><br>Defendant. | **Criminal No. 26-CR-05-J** |

# GOVERNMENT'S NOTICE OF INTENT TO OFFER EXPERT TESTIMONY

The United States of America, by and through its attorney, Mackenzie R. Morrison, Assistant United States Attorney for the District of Wyoming, gives notice, pursuant to F.R.Cr.P. Rule 16(a)(1)(G) of the intent to offer the testimony of the following expert witnesses set forth herein at the trial of this matter.

***Special Agent Daniel Brown, Wyoming Division of Criminal Investigation***

***Qualifications:*** Daniel Brown is a Wyoming Division of Criminal Investigation (DCI) Special Agent stationed in Cheyenne, Wyoming. As part of SA Brown's duties with DCI, he conducts forensic analysis of computer and cellular phone evidence obtained during various investigations and operations.

SA Brown began working with DCI as an intern in January 2021 before transitioning to full-time employment in his current capacities during August 2022. In August 2024, SA Brown's

position changed from forensic investigator to special agent. As a Special Agent, SA Brown continues to assist with digital forensics. Throughout his time as a forensic investigator and a special agent, he has accumulated over 1,000 hours of experience processing and analyzing digital forensic evidence. SA Brown has multiple certifications associated with digital forensics, including certifications in Griffeye DI Pro, osTriage, SQLitePrimer, and advanced digital forensic analysis in Microsoft Windows. He also possesses experience utilizing various Cellebrite tools, useful for extracting and viewing information contained on cellular devices.

Prior to joining DCI, SA Brown became a Certified PC Technician through Gillette Community College in Gillette, Wyoming, and completed the Law Enforcement Administrative Program through Fox Valley Technical College in Cheyenne, Wyoming. Investigator Brown obtained a bachelor's degree in Computer Forensics and Digital Investigation through Champlain College in Burlington, Vermont. SA Brown's **Curriculum Vitae** is attached hereto as **Exhibit 1.**

SA Brown has authored no publications within the past ten years and has not testified as an expert at trial or by deposition within the past four years. Fed. R. Crim. P. 16(a)(1)(G)(iii).

***Summary of Testimony:*** SA Brown will testify about his role in the investigation in this case and the opinions he has reached based on his investigation. SA Brown is expected to testify regarding information obtained from the Defendant's digital devices seized in this matter through the use of specialized digital forensic acquisition and examination software and tools. SA Brown may also provide foundation testimony to establish that the data extracted from the digital devices accurately reflects the contents of the digital devices seized from the Defendant. SA Brown may testify as to facts in his personal knowledge regarding assistance provided in the use of specialized hardware and software, including digital device extraction software, to extract data from the seized digital devices. He is expected to provide lay testimony that the extraction hardware and software copies data from the digital devices.

SA Brown may further testify regarding his investigation, preservation, and retrieval of digital information, cloud storage accounts, messaging applications, social media accounts (such as TikTok and Snapchat), and email accounts as well as the digital devices seized from the Defendant and the minor victim's accounts and devices. SA Brown will testify regarding the procedures he used to preserve and analyze the digital devices seized from the Defendant in this matter and will testify to the opinions and conclusions he reached based on his investigation. SA Brown will provide percipient and opinion testimony as to the forensic download and extraction of digital information from the devices seized during the investigation of this case. SA Brown will testify regarding the procedures used to preserve the data contained on the seized digital devices, the process of extraction of the data from the digital devices using specific software, and the analysis of the seized devices. Specifically, SA Brown will set forth the findings of the forensic examination of the digital devices and the various data and files that were discovered during the examination and will render an opinion consistently with reports and other information that was provided in discovery including that the Defendant operated the digital devices.

Further, SA Brown will opine that the Defendant's devices were not manufactured in Wyoming and that they were manufactured as alleged in the indictment and as shown on any trade inscriptions.

*/s/ Daniel Brown*
**Approved by Special Agent Daniel Brown**
**Wyoming Division of Criminal Investigation**

***Michael D. Sullivan, Master of Social Work***

***Qualifications:***

Mr. Sullivan's qualifications, training and experience are outlined in his **Curriculum Vitae**, which is attached as **Exhibit 2.**

Mr. Sullivan has authored no publications within the past ten years.

Mr. Sullivan's list of expert testimonies is attached as **Exhibit 3.**

Fed. R. Crim. P. 16(a)(1)(G)(iii).

***Summary of Testimony***: The United States anticipates Mr. Sullivan will testify regarding online grooming in general, including defining grooming and describing common behaviors associated with grooming. He will testify about the strategies offenders use to groom children for sexual exploitation and how they identify a target. He is expected to testify that the offender may strategize by testing to see how far the child victim will go with the offender. Offenders may inquire about the child's home circumstances, such as who they live with or what school they go to, in an attempt to learn what extent they are supervised. Offenders often gradually erode the defenses of the victim and develop a sexual relationship with them. This includes techniques such as complimenting the child, sending unsolicited pictures of themselves to the child that later evolve into photos that are sexual in nature, providing affirmations of love, and/or asking for pictures of the child victim that are nonsexual, but evolve into sexual requests. Offenders exploit their age and intellectual maturity through a combination of attention and manipulation.

Mr. Sullivan will also explain how offenders may fill needs and exploit the minor child's vulnerabilities. He will explain how personal and family circumstances can heighten the risk of sexual exploitation for minor children. Additionally, he is expected to help the jury understand why a preteen or teen child may engage in risky or inappropriate online behavior. He will explain that this is due to their age, brain development, and lack of life experience compounded with other vulnerabilities.

*/s/ Michael D. Sullivan*
**Approved by Michael D. Sullivan**
**Master of Social Work**

To avoid surprise or confusion to the Court and Defendant, the United States is giving courtesy notice of its intent to introduce the above-identified testimony. In providing this notice, the United States does not concede that this anticipated testimony is actually expert testimony subject to Federal Rule of Evidence 702. Indeed, both the Second and Ninth Circuits have

reasoned otherwise. *See United States v. Seugasala*, 702 F. App'x 572, 575 (9th Cir. 2017) ("The officers who followed the software prompts from Cellebrite and XRY to obtain data from electronic devices did not present testimony that was based on technical or specialized knowledge that would require expert testimony."); *United States v. Marsh*, 568 F. App'x 15, 17 (2d Cir. 2014). The United States merely provides this notice out of an abundance of caution.

The United States may supplement the notice of expert witness testimony pursuant to the continuing duty to disclose. Rule 16(c), Federal Rules of Evidence.

The United States requests the defendant provide a written summary of any testimony the defense intends to use in their case under Federal Rules of Criminal Procedure, Rules 702, 703 and 705. FED.R.CRIM.P. 16(b)(1)(C).

The United States asserts that this notice and the reports that will be provided in the discovery process to the Defendant satisfies the requirements of Rule 16(a)(1)(G). If, after viewing this notice and the attachments, the Defendant requests further information or has concerns under Rule 16, the United States requests the Defendant advise as to what further information is necessary to prepare for trial.

Respectfully submitted this 9th day of March 2026.

DARIN D. SMITH
United States Attorney

By: */s/ Mackenzie R. Morrison*
MACKENZIE R. MORRISON
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

This is to certify that on the 9th day of March 2026, I served a true and correct copy of the foregoing upon counsel of record by electronic filing.

*/s/ Andi M. Shaffer*
For the United States Attorney's Office