# EXHIBIT C

# WYOMING DEPARTMENT OF CORRECTIONS *Field Services*

| | |
|---|---|
| FS Form # 705.1 | Page 1 of 6 |
| Staffing Report | Last Revision 09/10/25 |

| | |
|---|---|
| Offender Name: | Michael Guenzel |
| Gender: | Male ☒ Female ☐ |
| Monitor Event Number: | 303259 |
| Risk Level: | Moderate |
| Probation ☒ | Parole ☐ |
| Offense: | Burglary |
| Misdemeanor ☐ | Felony ☒ |
| Staffing Date: | 9/26/2025 |
| Agent Name: | Cole Verner |
| Is Offender incarcerated on a FS #705.5 Arrest and Sanction Order? | Yes: ☐ No: ☒ |

CONFIDENTIAL

# WYOMING DEPARTMENT OF CORRECTIONS *Field Services*

| FS Form # 705.1 | Page 2 of 6 |
|---|---|
| Staffing Report | Last Revision 03/10/25 |

| | |
|---|---|
| Is revocation occurring within 60 days of the start of community supervision? | Yes: ☐ No: ☒ |
| Is Offender an absconder? | Yes: ☐ No: ☒ |
| Total Sanction days to date | 2 |

Court (if probation):
Albany County
District Court

Interstate Compact: YES ☐ NO ☒
*If this is a significant violation, a Violation Report must be sent to the sending state within 30 calendar days of discovery of the violation.*

| "X" current Violation(s) | Violation(s) | Date(s) | Intermediate Sanction(s) Imposed | Intervention Imposed |
|---|---|---|---|---|
| X | Pending Multiple Felonies | 09/26/2025 | Revocation | Revocation |
| X | Pending Misdemeanor: Violation of a Protection Order | 07/28/2025 | Revocation | Revocation |
| | Missed Meeting with this Agent | 07/01/2025 at 4:00p | Increased Contact | GPS/Reviewed Probation Requirements |
| | Missed Meeting with this Agent | 07/01/2025 at 2:00p | Increased Contact | GPS/Reviewed Probation Requirements |
| | Dishonest with Agent with Employment, Education, Treatment | 04/04/2024 | Two-day Jail Sanction | Placed on a Schedule |
| | Failure to Follow Directives: Submitting Monthly Reports | 11/10/2023 and 12/10/2025 | Increased Meetings | Collaborate with treatment and provide verifications of employment, treatment, education |

**Agent Case Summary and Justification for Revocation (to include mitigating and/or aggravating factors)**

**Factors:** Said Defendant appeared before the Albany County District Court on or about December 14, 2022 for a guilty plea to the charge of Burglary. Said Defendant was sentenced to a deferred sentence with a maximum amount of incarceration being five years and a minimum amount of incarceration being three years. The term of incarceration was to be suspended as the Defendant was ordered to complete four years of supervised probation.

CONFIDENTIAL

# WYOMING DEPARTMENT OF CORRECTIONS *Field Services*

| FS Form # 705.1 | Page 3 of 6 |
|---|---|
| Staffing Report | Last Revision 03/10/25 |

**Financial Management:** Said Defendant was ordered to pay fines and fees in the amount of three hundred dollars ($300.00). Information received from the Albany County Clerk of District Court indicated that the Defendant has completed all payments for this docket. Additionally, said Defendant was ordered to pay restitution consistent with docket CR-2022-342 to which was four thousand five hundred six dollars and seven cents ($4,506.07). Information received from the Albany County Clerk of Circuit Court indicated that the Defendant has completed all payments of restitution on docket CR-2022-342. Said Defendant no longer has any obligations to the courts within this docket.

**Substance Abuse Treatment/Programming:** Said Defendant was not subject to any substance abuse counseling per his court ordered conditions. Said Defendant was required to provide random urinalysis tests to which he did on five different occasions and the Defendant never reported any problems with substances during these tests.

**Mental Health:** Said Defendant was required to continue with his mental health counseling and continuing taking medication as prescribed. Said Defendant's mental health counselor was Dr. Frances Price as she was providing services for the Defendant before he was placed on supervised probation. Said Defendant had failed to maintain continuous meetings with Dr. Frances Price as the Defendant would go almost an entire year without meeting with Dr. France Price. Information from Dr. Frances Price indicated that said Defendant had only undergone roughly three or four meetings from May of 2024 until current date.

**Academic/Vocational/Employment:** Said Defendant was very sporadic with his employment and his education. Said Defendant reported to be enrolled with an online college but struggled to maintain a status of a full-time student and often found part-time jobs to fulfill his requirement of being a full-time student or full-time employee or combination thereof. Said Defendant had several jobs throughout his supervised probation; Papa Murphy's Pizza, Lopez Concrete, Sparkling Clean LLC, Door Dash, Windmill Hill Green House and as of recently, this agent received information that the Defendant was pursuing employment at Insomnia Cookies. This agent was never able to verify if the Defendant was ever enrolled into school and this agent does have concerns that the Defendant was not enrolled as the Defendant only spoke about classes when the Defendant could not report to this agent's office.

**Offender's Adjustment/Performance/Residence/Associations:** The Defendant was initially supervised by another agent until October of 2023 when this agent became the active supervising probation agent. Due to the Defendant initially being assessed at a low level of supervision, the Defendant was required to complete a task of submitting a monthly report at the beginning of each month to which the Defendant struggled to do. The Defendant also struggled to complete payments to the courts at first and due to this, this agent scheduled meetings with the Defendant to ensure accountability for the payments to the courts, attendance with treatment and employment/education verification. These meetings took place throughout March and April of 2024. The Defendant resumed with submitting his monthly reports until July of 2025.

CONFIDENTIAL

# WYOMING DEPARTMENT OF CORRECTIONS *Field Services*

| FS Form # 705.1 | Page 4 of 6 |
|---|---|
| Staffing Report | Last Revision 03/10/25 |

**Current Violation(s):** On or about June 30, 2025, this agent received information from the Laramie Police Department that the Defendant had suicidal ideations and they had tried to contact the Defendant. This agent contacted the Defendant and was able to schedule a meeting on July 1, 2025 to which the Defendant failed to report to. He requested to move the meeting back two hours on the same day to which this agent agreed to. Said Defendant failed to report for the newly scheduled appointment as well. This agent spoke with the Defendant's father and received information that the Defendant was in Texas and trying to travel to Florida. This agent received a text message from the Defendant on July 5, 2025 and he reported he would report to the office for a meeting on July 7, 2025.

Note: The Defendant's annual assessment that dictates the level of supervision a client was supervised at was due. This agent completed this assessment and the Defendant's level of supervision increased from a low risk/needs to a moderate risk/needs.

On July 7, 2025 said Defendant appeared in the probation office and this agent seized the Defendant's phone as this agent was pursing a search of this device due to the Defendant allegedly leaving the state without prior permission or notice provided to this agent. The Defendant stated this agent needs a warrant to complete a search of the phone to which this agent reviewed the Defendant's Community Supervision Agreement, condition No. 8 that he had completed and signed on January 24, 2023. Condition No. 8 of the Community Supervision Agreement states,

*"I will allow any supervising agent to visit my residence, place of employment, or elsewhere for compliance inspections or other matters relating to my supervision. During such contacts I will submit my person, property, place of residence, vehicle and personal effects to search and seizure with or without a search warrant."*

This agent and Agent Froehlich searched the Defendant's phone. This agent viewed the Defendant's photo gallery to locate if the Defendant had any location/date stamped photos that may have been captured. No issues or concerns were located within the Defendant's photo gallery. While this agent was searching the photo gallery, the Defendant received a SnapChat notification to which this agent viewed this application and this agent was placed into a chat thread with another female individual. The female individual was location stamped at West Hammond, New Mexico during the time of this phone search. During this phone search, this agent located several videos and pictures of lewd content that the female and the Defendant were sending to each other. This agent and Agent Froehlich had noticed that the female within this thread had also submitted pictures to the Defendant of her face to which brought concern to this agent and Agent Froehlich as the female did not appear to be and adult. This agent staffed the case with DM Choal and this agent contacted the Laramie Police Department to report this event.

This agent placed a GPS on the Defendant due to the Defendant's inability to report for meetings, provide accurate information regarding his treatment, employment and education. DM Choal approved the use of the GPS for case management purposes. The Defendant then left with officers to go to the

CONFIDENTIAL

WYOMING DEPARTMENT OF CORRECTIONS *Field Services*

| FS Form # 705.1 | Page 5 of 6 |
|---|---|
| Staffing Report | Last Revision 03/10/25 |

Albany County Detention Center for further questioning.

The Defendant continued with his supervision until July 28, 2025 when he was arrested for violating a protection order. The Defendant remained incarcerated until August when this agent received information on August 21, 2025 that the Defendant had bonded out.

This agent had attempted to make contact with the Defendant as this agent spoke with the Defendant's father and received information that the Defendant had a new phone number. This agent attempted a home visit with the Defendant on August 29, 2025 and was unable to make contact with the Defendant. This agent attempted to call and text the Defendant on September 10, 2025 but did not have any success. This agent then submitted an absconder letter to the Defendant's residence on September 16, 2025 that stated the Defendant was required to check into the probation office in person by September 26, 2025 or this agent would move forward with requesting a warrant and revoking the Defendant's probation.

This agent received a text message from the Defendant on September 25, 2025 that he received this agent's letter and the Defendant would report to the office tomorrow for a meeting. The Defendant also stated that he was aware a warrant was out for his arrest and he was upset with this agent. This agent confirmed that this agent has not issued any warrants for the Defendant and this meeting was to avoid said warrant from being issued.

On or about September 26, 2025, this agent received information that the Defendant was arrested on a warrant in Park County, Cody, Wyoming. The warrant was for two counts of child pornography and seven counts of receipt of child pornography.

**Recommendation:** At this time, the Defendant has demonstrated the inability to remain law abiding as the Defendant is currently pending several felonies that propose a significant risk to the community. This agent would recommend that if the Defendant is convicted of these pending felonies, the Defendant is not fit for community supervision and the Defendant shall be brought back before his sentencing jurisdiction and he be sentenced to his underlying sentence.

CONFIDENTIAL

**Agent's Recommendation to the Release Granting Authority:**

Serve Underlying Sentence

**District Manager's Justification for Revocation:**

The offender has continued to struggle while on supervision, resulting in an increased supervision level from low to moderate, per an updated ORAS assessment. Additionally, the offender received a deferred sentence following a felony burglary case. The offender is now being cited with new counts of Child Pornography, which are currently being processed.

# WYOMING DEPARTMENT OF CORRECTIONS *Field Services*

| FS Form # 705.1 | Page 6 of 6 |
|---|---|
| Staffing Report | Last Revision 03/10/25 |

This DM agrees with the recommendation that if the offender is convicted of the new felony charges, his current term of probation should be revoked, he should lose his deferred status, and he serve his underlying sentence. If the offender is not convicted of the new felony charges, this DM recommends he be placed back on supervision to continue to be supervised.

**Supervising Agent:** Cole Verner

**Manager/Lead Agent:** Darren Pursel

**Regional Manager:** Cindi Choal
*(who staffed yand approved)*

CONFIDENTIAL