FILED
UNITED STATES DISTRICT COURT DISTRICT OF WYOMING
3:44 pm, 11/16/26
Margaret Botkins
Clerk of Court

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA

vs

MICHAEL COLLINS GUENZEL

Case Number: 26-CR-05-ABJ

Defendant's Attorney(s):
P. Craig Silva

## JUDGMENT IN A CRIMINAL CASE

THE DEFENDANT pled guilty to counts 1-5, 6, 7, 9.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2251(a), (e) | Sexual Exploitation of a Child | 07-06-2025 | 1-5 |
| 18 U.S.C. § 2423(a) | Travel with Intent to Engage in Illicit Sexual Conduct with a Minor | 07-03-2025 | 6 |
| 18 U.S.C. § 2252A(a)(2)(A), (b)(1) | Receipt of Child Pornography | 07-06-2025 | 7 |
| 18 U.S.C. § 2252A(a)(5)(B), (b)(2) | Possession of Child Pornography | 09-25-2025 | 9 |

The defendant is sentenced as provided in pages 3 through 12 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count 8 is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's USM No: **40508-512**

11/16/2026
Date of Imposition of Sentence

Alan B. Johnson
Alan B. Johnson
United States District Judge

11/16/26
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 360 months as to Counts 1-5 and 6, 240 months as to Count 7, and 120 months as to Count 9; all counts to be served concurrently.

The Court recommends to the Bureau of Prisons that the defendant be placed at FCI Englewood, FCI Sheridan, or FCI Marion for their sex offender treatment programs and FCI Englewood being the closest facility to the defendant's home.

The defendant is remanded to the custody of the United States Marshal.

---

## RETURN

I have executed this Judgment as follows:

__________________________________________________________

__________________________________________________________

__________________________________________________________

__________________________________________________________

Defendant delivered on ________________ to ______________________ at ______________________________________, with a certified copy of this Judgment.

______________________________
United States Marshal/Bureau of Prisons

By: ______________________________
Authorized Agent

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 10 years per Count to be served concurrently.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance and must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed ten (10) drug tests per month, for use of controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable information indicates a low risk of future substance abuse by the defendant.

If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine.

The defendant shall (A) make restitution in accordance with 18 U .S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. § 3013. If there is a court-established payment schedule for making restitution or paying the assessment (see 18 U.S .C. § 3572(d)), the defendant shall adhere to the schedule.

The defendant shall submit to the collection of a DNA sample at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S .C. § 14135a).

The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

The defendant shall comply with the standard conditions that have been adopted by this Court as defined in the contents of the Standard Conditions page (if included in this judgment) **except that mandatory drug testing is waived**. If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1. The defendant shall not search for, access, possess, send, or receive any material constituting or containing child pornography as defined in 18 U.S.C. § 2256(8), or any material constituting or containing the obscene visual representation of the sexual abuse of children as defined in 18 U.S.C. § 1466A.

2. The defendant shall not search for, access, possess, send, or receive any visual depiction, including any photograph, film, video, picture, or computer or computer generated image of child erotica. Child erotica is depiction of a minor in a sexually suggestive pose or clothing. When considering whether a minor is pictured in a sexually suggestive pose or clothing, the following non-exhaustive list of factors should be considered:

i. whether the focal point of the visual depiction is on minor's genitalia, pubic area, or breasts;
ii. whether the setting of the depiction appears to be sexually inviting or suggestive - for example, in a location or in a pose associated with sexual activity;
iii. whether the minor is depicted in an unnatural pose or in an inappropriate attire;
iv. whether the minor is fully or partially clothed or nude;
v. whether the visual depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; or
vi. whether the visual depiction appears to have been designed to elicit a sexual response in the viewer.

3. The defendant may use a personal computer(s) or personal Internet capable device(s); however, he/she must limit that use and/or possession to personal computers or personal Internet capable devices that are capable of being monitored by the U.S. Probation Officer, and have monitoring software installed and approved by the U.S. Probation Officer. Any computer or Internet capable device must be able to be effectively monitored by and comply with the requirements of monitoring software utilized by the Probation Office. In order to allow for effective monitoring, the defendant may be limited to possessing a total of only two computer(s) or personal Internet capable device(s). For the purposes of this condition, the term computer is defined at 18 U.S.C. § 1030(3), which includes, but is not limited to, traditional computers (Windows/Apple/Linux based machines), cellular phones, internet tablets, and game machines and related accessories. The defendant must disclose any username or identification(s) and password(s) for all wireless routers, computers or Internet capable devices to the probation officer.

4. The defendant must, at his/her own expense, allow the Probation Officer to install any software/ hardware designed to monitor activities on any computer or Internet capable device you are authorized by the Probation Officer to use. This monitoring may record any and all activity on the device, including, but limited to, the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. You must inform all parties who access approved computer(s) or similar electronic devices(s) that the device(s) is subject to search and monitoring. You must not attempt to remove, tamper with, reverse engineer, or in any way circumvent the monitoring software/hardware. The defendant shall not make any attempt to conceal or erase the names of sites visited, or any other data. The defendant shall be prohibited from using any form of encryption, cryptography, steganography, compression, password protected files and/or other method that might limit access to, or change the appearance of, data and/or images without prior approval from the Probation Officer.

5. The defendant shall provide a complete and accurate inventory of all computers, computer-related equipment, and communications devices and services on an inventory form provided by the Probation Office. The defendant agrees to ensure that all information on the inventory form is complete, accurate, and current at all times. The defendant shall not use, possess, or access any electronic device or service not reported on the inventory form. The defendant shall consent to the

Probation Officer conducting periodic unannounced examinations of his/her computer(s), hardware, software, and other electronic devices, which may include retrieval and copying of data from his/her computer(s). This also includes the removal of such equipment if necessary, for the purpose of conducting a more thorough inspection or investigation.

6. The defendant shall participate in a sex-offense specific evaluation and treatment program approved by the Probation Officer. The Probation Officer, in consultation with the treatment provider, will supervise the defendant's participation in and compliance with the treatment program. The defendant must comply with all rules and regulations of the treatment program that are specified by the treatment agency. The defendant shall not discontinue treatment without the permission of the Probation Officer.

7. The defendant shall be required to submit to periodic polygraph testing as a means to assess risk and ensure that he/she is in compliance with the requirements of his/her supervision or treatment program.

8. The defendant shall not meet, have direct contact or spend time with, any person under the age of 18, or have verbal, written, telephonic, or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian who is aware of the nature of the defendant's background and current offense, and the supervising Probation Officer. Direct contact does not include incidental contact during ordinary daily activities in public places.

9. The defendant is permitted to use computer systems at his/her place of employment, or school, for employment or educational purposes only. If your employment requires the use of a computer, you may use an employer-owned computer in connection with your employment, at your place of employment, provided you notify your employer of: (1) the nature of your conviction; and (2) the fact that your conviction was facilitated by the use of a computer. The Probation Officer shall confirm your compliance with this notification requirement. Employer-owned computers may not be used in the defendant's residence, or any other location outside the employer's place of business, unless monitoring software is installed and approved by the Probation Officer. The defendant may use computer systems at an approved public employment agency for employment purposes only and shall complete a computer activity log provided by the Probation Office any time such computer system is accessed.

10. The court orders, as an explicit condition of supervised release for the defendant, who is a felon and required to register under the Sex Offender Registration and Notification Act, that he submit his person, and any property, storage facility, house, residence, office, vehicle, papers, computer, or other electronic communications or date storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision function.

11. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act in any federal, state, local or tribal jurisdiction where the defendant resides, is employed, carries on a vocation, or is a student, as direct by law.

12. The defendant shall participate in a cognitive-behavioral treatment regimen that may include, but is not limited to, Moral Reconation Therapy, Cognitive Thinking, Thinking for a Change, or Interactive Journaling. The defendant shall actively participate in treatment until successfully discharged or until the U.S. Probation Officer has excused the defendant from the treatment regimen.

13. If unemployed, the defendant shall enroll in, fully participate in, and successfully complete a vocational training or educational program approved by the U.S. Probation Officer. Once enrolled, the defendant shall complete the program.

14. The defendant shall participate in and successfully complete mental health treatment in a program approved by the U.S. Probation Officer, and abide by the rules, requirements and conditions of the treatment program. The defendant shall not discontinue treatment without the permission of the probation officer.

15. The defendant shall have no contact with the minor victim, A.C., either directly, indirectly, or through a third party.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of the time the defendant was sentenced or released from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant shall answer truthfully the questions asked by the probation officer.

5. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may, after obtaining Court approval, require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

# FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Restitution | Fine | JVTA |
|---|---|---|---|---|
| 1-5 | $500.00 | | | |
| Notes: | | | | |
| 6 | $100.00 | | | |
| Notes: | | | | |
| 7 | $100.00 | | | |
| Notes: | | | | |
| 9 | $100.00 | | | |
| Notes: | | | | |
| **Totals:** | $800.00 | | | $5,000.00 |

The fine and/or restitution includes any costs of incarceration and/or supervision. The fine and/or restitution, which is due immediately, is inclusive of all penalties and interest, if applicable.

The defendant shall pay interest on any fine and/or restitution of more than Two Thousand Five Hundred Dollars ($2,500.00), unless the fine and/or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The Court finds the defendant is not an indigent person and orders the defendant to pay an assessment of $5,000.00 pursuant to the Justice For Victims Trafficking Act of 2015. This assessment is not payable, however, until the defendant has satisfied all outstanding Court-ordered fines, orders of restitution and any other obligation related to victim compensation.

The court has determined that the defendant does not have the ability to pay interest or penalties and it is ordered that:

The interest and penalties not be applied to fine and/or restitution.

## RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| Office of the Clerk<br>United States District Court<br>2120 Capitol Avenue<br>2nd Floor, Room 2131<br>Cheyenne, WY 82001 | Restitution to remain open for 90 days. |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties; (7) JVTA Assessment.

The total fine and other monetary penalties shall be due in full immediately.

IT IS ORDERED the defendant shall pay a special assessment fee in the amount of $5,800.00, which shall be due immediately. Payments for monetary obligations shall be made payable by cashier's check or money order to the Clerk of the U.S. District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, Wyoming 82001 and shall reference the defendant's case number, 26-CR-05-ABJ. The defendant shall participate in the Inmate Financial Responsibility Program to pay his/her monetary obligations. The defendant shall pay all financial obligations immediately. While incarcerated, the defendant shall make payments of at least $25 per quarter. Any amount not paid immediately or through the Inmate Financial Responsibility Program shall be paid commencing 60 days after his/her release from confinement in monthly payments of not less than 10% of the defendant's gross monthly income. All monetary payments shall be satisfied not less than 60 days prior to the expiration of the term of supervised release.

---

## MONETARY OBLIGATIONS / FORFEIT PROPERTY

The Defendant shall forfeit the following property:

Apple iPhone bearing serial number G7N3J427LC, a Samsung TracFone, a BLU Smartphone, a PNY thumb drive, a Samsung Galaxy Note 9, a Gorilla thumb drive, a Hitachi HHD, a Redmi cellphone, an Apple laptop, and an Apple iPhone bearing serial number FFWCWFEEPLJP